## A. W. HENN, AS TRUSTEE, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 4303.    Promulgated September 22, 1927.

1. Terms of a trust instrument construed to require distribution of the income to those beneficiaries who had reached their majority. Such income *held* to be taxable to the beneficiaries and not to the fiduciary.

2. The trust instrument provided for distribution of so much of the income accruing to minor beneficiaries as was necessary or advisable, in the judgment of the trustee, for their maintenance, care, and education and for the accumulation of the balance. *Held,* that the income distributed was not taxable to the fiduciary and that, under the terms of the trust instrument, the balance was accumulated for future distribution and was taxable to the fiduciary.

3. *Willcuts* v. *Ordway,* 19 Fed. (2d) 917, distinguished.

*David A. Gaskill, Esq.,* for the petitioner.
*Harold Allen, Esq.,* for the respondent.

The respondent has determined deficiencies of $4,236.71 and $12,289.42 in income taxes for 1918 and 1920, respectively. In so doing he has included as income to petitioner all of the income under a certain trust instrument. It is the contention of the petitioner that no part of such income is taxable to the trustee or, in the alternative, that not more than one-half is so taxable. The petition assigned as error the refusal to allow as a deduction in 1918 an alleged net loss for 1919. At the hearing this assignment of error was withdrawn.

### FINDINGS OF FACT.

The petitioner is the trustee under a declaration of trust bearing date November 14, 1916, the details of which are hereinafter referred to and set forth.

On or about November 14, 1916, A. W. Henn, in his own right, duly executed and acknowledged a declaration of trust which, so far as is here material, provides as follows:

WHEREAS, I, A. W. Henn, of Cuyahoga County, Ohio, desire to make provision for the future welfare, comfort and support of my four children, Edwin C. Henn, aged 23 years, Howard R. Henn, aged 21 years, Jeanette M. Henn, aged

16 years, and Robert B. Henn, aged 12 years, and for the survivor of them or their respective widow, husband and lawful issue, in manner as is hereinafter more fully set forth and provided, and

WHEREAS, for that purpose I have caused to be issued to myself, A. W. Henn, as Trustee, four several certificates of the common capital stock of The National-Acme Manufacturing Company, a corporation organized, existing and doing business under and by virtue of the laws of the State of Ohio, with its office and principal place of business in the City of Cleveland, in the said State; each of said certificates representing Seven Hundred and Fifty (750) shares of the said common capital stock and said certificates being respectively numbered as follows: C Seven Hundred eighty-nine (C 789), C. Seven Hundred ninety (C 790) C Seven hundred ninety-one (C 791) and C Seven Hundred ninety-two (C 792) each of said certificates being dated the fourteenth day of November, 1916.

Now, THEREFORE, I, A. W. Henn, for and in consideration of the love and affection which I have for my said children and each of them, do hereby give, sell, assign, transfer and set over said shares of capital stock above mentioned and said certificates evidencing the same to A. W. Henn, Trustee, and his successors in trust as Trustee, as is hereinafter more fully provided for the uses and purposes, and subject to all the terms and conditions of this written Declaration of Trust as follows, to-wit:

The Trustee shall have power:

&ast;        &ast;        &ast;        &ast;        &ast;        &ast;        &ast;

3—To determine whether money or property coming into the Trustee's possession shall be treated as principal or income, and to charge or apportion expenses or losses to principal or income according as the Trustee may deem just and equitable;

&ast;        &ast;        &ast;        &ast;        &ast;        &ast;        &ast;

The net income derived from said Trust Estate shall be held for the equal benefit, share and share alike, of my said four children or their lawful issue and lineal descendants per stirpes and not per capita, and the Trustee shall annually, or oftener in his discretion, pay to such of the beneficiaries hereunder as may have arrived at the age of twenty-one years, his or her share of said income, provided, however, that all payments of income herein directed to be made shall be subject to the right hereby conferred upon the Trustee to temporarily withhold or completely discontinue, in whole or in part, any such payments, due consideration being given to the age, necessities, earning capacity, possession of other resources and habits of life of each of such beneficiaries. Any income so withheld or discontinued may, at any subsequent time or times, be given to the beneficiary from whom the same was withheld, or to the wife or husband of such beneficiary, or distributed to other of said beneficiaries, or be retained and added to said principal Trust Estate, it being the intent hereof that the Trustee shall have power to make unequal distribution of income among any of said beneficiaries according to the several needs and habits of life of each of them as the Trustee shall at such time or times determine; it being, however, intended, and it is the purpose and spirit of the trust hereby created, that all of said Trust Estate shall, so far as possible, be devoted to the use and benefit of my said four children equally and to their lawful issue and lineal descendants who may survive them, it being intended that the discretion to be exercised by the Trustee in the distribution either of income or principal is to be exercised disproportionately only in the event of the bankruptcy, incompetency, improvidence, profligacy or misfortune of any of said beneficiaries.

&ast;        &ast;        &ast;        &ast;        &ast;        &ast;        &ast;

During the minority of any beneficiary hereunder, the Trustee may use such of the income accruing to said beneficiary, and any or all of the income withheld or retained from the share of any other beneficiary under the terms hereof, for the support, care, maintenance or education of such minor as in the judgment of said Trustee may be necessary or proper.

Any income withheld or retained by the Trustee by reason of the minority of any beneficiary hereunder, shall, when such beneficiary shall have arrived at the age of twenty-one years, together with any increase thereof, if any, be paid over to such beneficiary; subject, always, however, to the discretion herein conferred upon the Trustee.

This trust shall cease and determine at the expiration of twenty-one years next succeeding the date of the death of the last surviving of my said four children, provided, however, that the Trustee may determine the trust as to any one or all of the beneficiaries hereunder at such time or times prior to said date as said Trustee may deem for the best interest of said beneficiary or beneficiaries.

    *        *        *        *        *        *        *

The gifts of income and principal of said trust estate or either of the same hereinbefore made, shall not be alienated, disposed of, or in any manner whatsoever incumbered by said beneficiaries or any of them while so in possession and control of the Trustee; and if any of said beneficiaries shall at any time or times alienate, charge or dispose of their respective interest in said principal, income, or any part thereof, or any interest therein, or attempt so to do, before the same shall have been delivered to them under the provisions of this instrument, or if, by reason of their bankruptcy or other event happening, said income and principal or either of the same otherwise intended for said beneficiaries or any of them, shall wholly or in part cease to be enjoyed by them or any of them as above provided, and the same, or any part thereof, or any interest therein shall, or, but for this proviso, would become vested in some other person or persons, corporation or corporations than the trust hereinbefore expressed concerning said income or principal and either of the same shall thereupon cease and determine as to the beneficiary whose interest may be so affected, and all interest or principal, and each of the same otherwise hereinbefore provided for such beneficiary shall thereafter be held and distributed by the Trustee during the residue of the life of such beneficiary according to the absolute discretion of the Trustee; but the Trustee may pay to such beneficiary, or for his or her maintenance or support, or to the wife, husband, child or children of such beneficiary thereafter from such income and principal, such sums and such sums only, as the Trustee, in the Trustee's absolute discretion shall think fit and proper, using or retaining any unexpended sums for the benefit of any one or more of the beneficiaries hereunder whose interest is not so affected.

And provided further, in the event that in the opinion of the Trustee, the income derived from said trust estate shall be insufficient for the proper and suitable care, support, maintenance or education of said beneficiaries or any of them, said Trustee shall have full power and authority to use such part of the principal of said trust estate as may be necessary or proper therefor.

The trust instrument contains detailed provisions for the payment of the income, upon the death of any of the four of the trustor's children, to their issue or in default of issue to the surviving children and issue of other deceased children. Such provision is, however, made subject to the discretion theretofore granted the trustee with

respect to payments.    Provision is also made for other trustees in the event of the death of A. W. Henn.

The dates of birth of the four children of the trustor were as follows:   Edwin C. Henn, April 25, 1893; Howard R. Henn, March 5, 1895; Jeanette M. Henn, June 4, 1900; Robert B. Henn, April 16, 1904.   Jeanette M. Henn has since married and is hereinafter referred to as Jeanette M. Henn Akers.

The taxable income of the trust and the allowable deductions therefrom were determined by the Commissioner to be as follows:

| Income | 1918 | 1920 |
|--------|------|------|
| Profit on sale of land to the Brown Body Co. | | $2, 637. 04 |
| Net income from rents. | | 24, 555. 32 |
| Interest received on bank deposits. | $1, 367. 44 | 96. 20 |
| Dividends received on stock of the National Acme Co. | 42, 750. 00 | 40, 075. 00 |
| Deductions from income. | None. | None. |
| Net income. | 44, 117. 44 | 67, 363. 56 |

For the years in question, each of the said four beneficiaries accounted for and paid income taxes upon the income from said trust. The taxpayer, said trustee, during said years, paid no tax upon the income of the said trust.

During the taxable years in question all of the children were living and none of them was or had been bankrupt, incompetent, improvident, profligate nor had any of them suffered any misfortune. All have been quite normal and quite successful.

The amounts of cash paid from the income of the trusts to the children during 1918, 1919, and 1920 were as follows:

| Beneficiary | 1918 | 1919 | 1920 |
|-------------|------|------|------|
| Edwin C. Henn | $1, 175. 00 | $100. 00 | $100. 00 |
| Howard R. Henn | 75. 00 | 0. 00 | 0. 00 |
| Jeanette M. Henn Akers | 475. 00 | 985. 00 | 649. 75 |
| Robert B. Henn | 75. 00 | 0. 00 | 0. 00 |

During the years 1918, 1919, and 1920, the following amounts were paid by A. W. Henn for and on behalf of his aforesaid children:

| Beneficiary | 1918 | 1919 | 1920 |
|-------------|------|------|------|
| Edwin C. Henn | $3, 344. 34 | $708. 47 | $1, 054. 45 |
| Howard R. Henn | 70. 00 | 365. 83 | 768. 40 |
| Jeanette M. H. Akers | 1, 085. 12 | 954. 99 | 982. 12 |
| Robert B. Henn | 0. 00 | 246. 54 | 4. 05 |

PHILLIPS: The decision of this appeal involves the interpretation of the trust instrument and the application thereto of the provisions of section 219 of the Revenue Act of 1918, the pertinent portions of which are as follows:

SEC. 219. (a) That the tax imposed by sections 210 and 211 shall apply to the income of estates or of any kind of property held in trust, including—

*        *        *        *        *        *        *

(2) Income accumulated in trust for the benefit of unborn or unascertained persons or persons with contingent interests;

(3) Income held for future distribution under the terms of the will or trust; and

(4) Income which is to be distributed to the beneficiaries periodically, whether or not at regular intervals, and the income collected by a guardian of an infant to be held or distributed as the court may direct.

(b) The fiduciary shall be responsible for making the return of income for the estate or trust for which he acts. The net income of the estate or trust shall be computed in the same manner and on the same basis as provided in section 212, * * * and in cases under paragraph (4) of subdivision (a) of this section and the fiduciary shall include in the return a statement of each beneficiary's distributive share of such net income, whether or not distributed before the close of the taxable year for which the return is made.

(c) In cases under paragraph (1), (2), or (3) of subdivision (a) the tax shall be imposed upon the net income of the estate or trust and shall be paid by the fiduciary, * * *. In such cases the estate or trust shall, for the purpose of the normal tax, be allowed the same credits as are allowed to single persons under section 216.

(d) In cases under paragraph (4) of subdivision (a), * * * the tax shall not be paid by the fiduciary, but there shall be included in computing the net income of each beneficiary his distributive share, whether distributed or not, of the net income of the estate or trust for the taxable year, * * *.

Counsel have not referred us to any decisions of the courts, (if such there be) construing similar provisions with respect to the accumulation or distribution of the trust income. There are, however, certain well established principles of interpretation which will assist us. The provisions are to be construed as a whole to give effect to each and every one, if possible, without undue emphasis upon any single provision. In case of doubt the courts favor a construction creating vested interests as against contingent interests. Moreover, the courts do not look with great favor upon provisions for accumulation of income, and in case of doubt, resolve the question in favor of its distribution; this latter being in the nature of an extension of the rule favoring vested as against contingent interests.

Looking at the trust instrument as a whole it does not appear to differ materially from the usual "spendthrift" trust. The intention

that each of the children shall share equally in the income and in the principal is clearly expressed and it is made evident that only in certain cases is the trustee to exercise any discretion in the distribution of the income or principal. It would seem that the intention of the testator could be expressed and effect given to all of the terms of the trust instrument with respect to the discretion lodged in the trustee by paraphrasing the wording somewhat as follows:

In the event of the bankruptcy, incompetency, improvidence, profligacy or misfortune of any of said beneficiaries the trustee may exercise a discretion in the distribution either of income or of principal. In the exercise of such discretion consideration shall be given to the age, necessities, earning capacity, possession of other resources, and habits of life of each of the beneficiaries and distribution made according to the several needs and habits of life of each of them.

During the taxable years and, indeed, to the date of the hearing, none of the enumerated events giving rise to the exercise of a discretion on the part of the trustee had occurred. It is our opinion that under a proper construction of the instrument the facts are such that no discretion was lodged in the trustee during the taxable years to make any unequal distribution of the income of the trust for those years, except as distribution to the minors was limited to their necessities.

Referring again to the language of the trust, we find separate provision made for those beneficiaries who have reached the age of 21 and those under that age. During the years involved two of the children were in the former class and two in the latter class. As to those over twenty-one it is provided:

The Trustee shall annually, or oftener in his discretion, pay to such of the beneficiaries hereunder as may have arrived at the age of twenty-one years, his or her share of said income;

Clearly if, as we have decided is the case, the provisions for other distribution or for accumulation are ineffective in these years, the income is distributable to the beneficiaries. The evidence discloses that it was not all distributed, but this can not affect the result, for the beneficiary must include in his return his distributable share, whether distributed or not, and the fiduciary is not taxable on such share.

It might be pointed out that the amount not paid to these beneficiaries does not appear to have been withheld by the trustee because of any claim of a right to do so. The evidence regarding the amounts expended by the father, who was also the trustee in these years, from his personal funds for the benefit of these children, supports the testimony that the purpose in not making distribution was to aid in building up and preserving the property of the children.

We are of the opinion that one-half of the taxable income was properly distributable in the taxable years in equal shares to Edwin C. Henn and Howard R. Henn, is taxable as their income, and is not taxable to the fiduciary.

With respect to the minor children the trust provides:

During the minority of any beneficiary hereunder, the Trustee may use such of the income accruing to said beneficiary, * * * for the support, care, maintenance or education of such minor as in the judgment of said Trustee may be necessary or proper. Any income withheld or retained by the Trustee by reason of the minority of any beneficiary hereunder, shall, when such beneficiary shall have arrived at the age of twenty-one years, together with any income thereof, if any, be paid over to such beneficiary; subject, always, however, to the discretion herein conferred upon the Trustee.

It is contended by the petitioner's counsel that the situation here presented is similar to that in the case of *Willcuts* v. *Ordway*, 19 Fed. (2d) 917, wherein the Circuit Court of Appeals determined that the income of the minors there involved was to be taxed to the beneficiaries and not to the fiduciary. The distinction seems to us to be that in that case the beneficiaries were entitled to all of the income in any event so that it could be said to be theirs, but in the present case the minor beneficiaries are entitled to the accumulated income only in the event that the discretion of the trustee to make an unequal distribution is not exercised before they reach their majority. While the rights of the children in the trust and its income may have been vested rights, their claim to the income was subject to divestment by the proper exercise of the discretion of the trustee at any time before the income which was accumulated became payable to them. This was not so in the case cited. We are of the opinion that the one-half of the income accruing to the minors which was withheld is properly to be classified as income held for future distribution under the terms of the trust and is taxable to the fiduciary.

This leaves for consideration the proper treatment of that portion of the income which was paid out to the minor children or for their support, care, maintenance or education. It is clear that to the extent that income is distributed it does not fall within either paragraphs (2) or (3) of subdivision (a), section 219. There is no express provision in the statute that such income is to be taxed to the fiduciary. We understand the position of the respondent to be that the trustee was vested with a discretion to distribute or accumulate, that it can not be said that the income was to be distributed so as to fall within paragraph (4) of subdivision (a), section 219 and be taxable to the beneficiary and that, therefore, it must be taxable to the fiduciary. To reach this conclusion it must be assumed (1) that any income which does not fall within any of the numbered

paragraphs must be taxed to the fiduciary, and (2) that paragraph (4) should read "income which is *required by the terms of the trust to be distributed.*" We have heretofore held in *William E. Scripps*, 1 B. T. A. 491; *Mary L. Barton*, 5 B. T. A. 1008; and *Elizabeth S. Sprague*, 8 B. T. A. 173, that the second assumption is not the proper interpretation of the statute, and our decision of the instant proceeding might well be based upon the reasoning used in the opinions in those cases.

It appears, however, that even if the assumptions stated were a correct interpretation of the statute, we should decide that the trustee is not taxable upon any income distributed for the support, care, maintenance or education of the minor beneficiaries. While the trust instrument provides that the trustee *may* use such of the income accruing to the beneficiary as in the judgment of the trustee may be proper or necessary for those purposes, the provision must be construed as mandatory. No court of equity would permit the trustee to accumulate the income for the minor if necessary for any of the purposes enumerated. Under the terms of the instrument the trustee would be required to distribute so much of the income as might be required to care for and educate the beneficiary. The discretion of the trustee was not to determine whether any income was to be distributed but was limited to a determination of the amount necessary or advisable. Even this was a limited discretion for a court would not hesitate to take jurisdiction to compel distribution in the event that the discretion was abused. We come then to the conclusion that the trust instrument required the distribution of so much of the income accruing to the minors as was necessary or advisable for their support and education, that the only discretion in the trustee was to determine in the first instance how much was necessary or advisable for those purposes, and that the income is not taxable to the fiduciary to the extent that distribution was made from the one-half of the income accruing to the minors.

Reviewed by the Board.

> *Decision will be entered on 15 days' notice, under Rule 50.*